**Mac TRUONG, Respondent–Appellant,**

v.

**COMMITTEE ON GRIEVANCES FOR the UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF NEW YORK, Appellee.**

No. 06–4416–cv.

United States Court of Appeals, Second Circuit.

March 25, 2008.

Mac Truong, New York, NY, for Respondent–Appellant.

Varuni Nelson, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan L. Riley, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Respondent–Appellant Mac Truong appeals from the August 28, 2006 order from the United States District Court for the Eastern District of New York (Edward R. Korman, *then-Chief Judge*), denying Truong's motion for reinstatement to the roll of attorneys admitted to the bar of the Eastern District of New York. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the imposition of disciplinary actions by a district court for a "clear" excess of allowable discretion, and we accord substantial deference to a district court's interpretation of its own local rules. *See In re Kandekore*, 460 F.3d 276, 278 (2d Cir.2006) (applying these standards to a challenged denial of reinstatement to a disbarred attorney), *cert. denied*, —— U.S. ——, 127 S.Ct. 1358, 167 L.Ed.2d 98 (2007). Under Local Rule 1.5(c)(1) of the United States District Court for the Eastern District of New York, an attorney disciplined by any state or federal court may be stricken from the roll of attorneys admitted to the district court. The relevant procedures are as follows:

> In all cases in which any federal court or a court of any state or territory has entered an order disbarring or censuring an attorney or suspending the attorney from practice, whether or not on consent, the notice shall be served together with an order by the clerk of this court, to become effective twenty-four days after the date of service upon the attorney, disbarring or censuring the attorney or suspending the attorney from practice in this court upon terms and conditions comparable to those set forth by the other court of record.... Within twenty days of the date of service of [the] order, the attorney may file a motion for modification or revocation of the order. Any such motion shall set forth with specificity the facts and principles relied upon by the attorney as showing cause why a different disposition should be ordered by this court.... If good cause is shown to hold an evidentiary hearing, the Committee on Grievances may proceed to impose discipline or to take such other action as justice and this rule may require.

E.D.N.Y. Local Rule 1.5(d)(1). The Local Rules further provide that:

> [D]iscipline may be imposed unless the attorney concerned establishes by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this court would result in grave injustice.

E.D.N.Y. Local Rule 1.5(d)(2).

Contrary to Truong's argument, he was neither automatically disbarred nor denied

**34**

due process in his district court disbarment proceeding. Specifically, following Truong's disbarment from the bar of the State of New York, the District Court issued an order on August 22, 2005, directing the Clerk of Court to strike Truong from the roll of practicing attorneys in the Eastern District of New York. The District Court further directed that the order would become effective 24 days after service upon Truong unless it had been otherwise modified or stayed. On September 13, 2005, the District Court ordered that Truong be disbarred. On September 17, 2005, Truong filed an "affirmation in support of an order to show cause" in which Truong essentially requested that the District Court vacate the September 13, 2005, order due to pending proceedings in the Third Circuit. On September 23, 2005, the District Court denied such relief by concluding that Truong's submission did "not satisf[y] the criteria set forth in Local Rule 1.5 for avoiding reciprocal disbarment." Truong subsequently submitted another affirmation in support of his motion to be reinstated as a member of the bar. On August 28, 2006, the District Court denied Truong's motion without prejudice to its renewal upon his reinstatement to the practice of law in the State of New York. Under the circumstances, the District Court provided Truong with ample opportunity to show cause as to why he should not have been disbarred and thus why he should be reinstated. As such, we cannot conclude that the District Court exceeded its allowable discretion in its August 28, 2006 order.

Finally, Truong's arguments that there was no evidence supporting his disbarment before the District Court and that the District Court erred in relying on the New York Appellate Division's disbarment order, are without merit. In advancing these arguments, Truong continues to argue that the United States Court of Appeals for the Third Circuit voided the New York Appellate Division's disbarment order. We rejected precisely that argument when we affirmed the order of the United States District Court for the Southern District of New York denying Truong's request for reinstatement to its bar. *See Truong v. Comm. on Grievances for U.S. Dist. Court for S. Dist. of New York,* —— Fed.Appx. ——, ——, 2007 WL 3230739, at *2 (2d Cir.2007). As we stated in that decision, Truong continues to "misconstrue and misstate both the procedural history and legal effect of the Third Circuit's orders." *Id.*

For the foregoing reasons, we AFFIRM the judgment of the District Court.