**Mac TRUONG, Plaintiff–Appellant,**

v.

**Stephen P. McGOLDRICK, et al.,
Defendants–Appellees.**

No. 06–4294–cv.

United States Court of Appeals,
Second Circuit.

April 4, 2008.

Mac Truong, New York, NY, for Appellant.

Andrew Cuomo, Attorney General of the State of New York, Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, Justin R. Long, Assistant Solicitor General, of counsel, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Appellant Mac Truong appeals from the judgment dismissing his complaint against the appellees pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and procedural history of this case and the issues that Truong attempts to raise on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

Truong's claims are meritless on their face and were therefore correctly dismissed. As we have said more than once, he "continues to 'misconstrue and misstate both the procedural history and legal effect of the Third Circuit's orders,'" and continues to rely on those misstatements as the basis for all of his claims. *See Truong v. Comm. on Grievances for the U.S. Dist. Ct. for the E. Dist. of N.Y.,* 271 Fed.Appx. 32, ——, 2008 WL 833068, at \*2 (2d Cir.2008) (quoting *Truong v. Comm. on Grievances for the U.S. Dist. Ct. for the S. Dist. of N.Y.,* No. 06–2858–cv, —— Fed. Appx. ——, ——, 2007 WL 3230739, at \*2, 2007 U.S.App. LEXIS 25555, at \*4 (2d Cir. Nov. 1, 2007)). Because the Appellate Division's finding that Truong had engaged in forgery was not affected by the Third Circuit's orders, the Appellate Division had jurisdiction over Truong's disciplinary proceedings. Therefore, the district court correctly decided that Truong's claims for monetary damages against the appellees in their individual capacities were barred by judicial and quasi-judicial immunity because the disciplinary proceedings were judicial in nature. *See Huminski v. Corsones,* 396 F.3d 53, 75 (2d Cir.2005) (concluding that a judge is immune if the challenged action of the judge was judicial in nature and was not taken in the complete absence of jurisdiction).

The only other remaining claims for relief are Truong's demand for an apology and for withdrawal of the allegedly defam-

atory statements, consisting of the suspension and disbarment orders. While Truong contends in his briefs before this Court that he does not seek to be reinstated as a practicing lawyer, but only seeks compensation from the appellees, that relief is foreclosed. In any event, any other claim against the appellees on the basis of the Third Circuit's orders is meritless, in light of the fact that those orders had no effect on the Appellate Division's jurisdiction and actions.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.