In re: Mac TRUONG Debtor.

Mac Truong, Appellant,

v.

Steven P. Kartzman, Appellee.

No. 08–2872–bk.

United States Court of Appeals,
Second Circuit.

May 8, 2009.

Mac Truong, pro se, New York, NY, for Appellant.

Bruce S. Etterman, Esq., Hellring Lindeman Goldstein & Siegal L.L.P., Special Counsel for Appellee Steven P. Kartzman, Chapter 7 Trustee, Newark, NJ, for Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Appellant Mac Truong, *pro se,* appeals the district court's denial of his motion to vacate that court's dismissal of his appeal from a judgment of the United States Bankruptcy Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the district court's determination as to whether a party presented sufficient evidence of excusable neglect to overcome dismissal for failing to comply with bankruptcy procedural requirements. *See In re Lynch,* 430 F.3d 600, 603 (2d Cir.2005).

Under Fed. R. Bankr.P. 8009, "[an] appellant shall serve and file a brief within 15 days after entry of the appeal on the [district court's] docket," unless by order or pursuant to local rule, the district court excuses this requirement or specifies a different time limit. This is not a jurisdictional requirement; rather, district courts should exercise their discretion and determine whether dismissal is appropriate where a party fails to comply with this rule. *See In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir.1987). Generally, courts may permit a party to file a late brief "where the failure to act was the result of excusable neglect," Fed. R. Bankr.P. 9006(b)(1), taking into consideration factors including: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, and whether it was in the reasonable control of the defaulting party; and (4) whether the defaulting party acted in good faith. *See Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Here, the district court did not abuse its discretion in denying Truong's motion for reconsideration. The record makes clear Truong was sent notice that his appeal had been placed on the district court's docket, and the address then on file with the district court matches his current address. Additionally, although Truong is proceeding *pro se*, he is an attorney, albeit a disbarred one. *See Truong v. Committee on Grievances for the U.S. District Court for the Eastern District of New York*, 271 Fed.Appx. 32 (2d Cir.2008). Further, his extensive experience with bankruptcy appellate proceedings diminishes the degree of leniency he should be afforded with respect to applicable procedural rules, and, regardless, the record shows he took no action on his appeal for more than four months after it was filed, and was only compelled to act when he learned his appeal had been dismissed. Thus, the district court's determination that Truong failed to show excusable neglect was wholly appropriate.

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**