[8 NYS3d 587]

In the Matter of IFEANYICHUKWU ERIC ABAKPORO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 2015

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Ifeanyichukwu Eric Abakporo*, Philipsburg, Pennsylvania, respondent pro se.

OPINION OF THE COURT

Per Curiam.

On July 26, 2013, the respondent was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, of: (1) conspiracy to commit bank fraud, in violation of 18 USC § 1349; (2) conspiracy to commit wire fraud, in violation of 18 USC § 1349; and (3) bank fraud and aiding and abetting bank fraud, in violation of 18 USC §§ 1344 and 2.

On May 28, 2014, the respondent was sentenced by United States District Court Judge Shira A. Scheindlin to 72 months of imprisonment on each count, to run concurrently, and an assessment of $300. In an amended judgment, dated December 4, 2014, the respondent was directed to make restitution in the amount of $2,420,917.64. An amended order of forfeiture/money judgment, dated December 4, 2014, was also entered against the respondent in the amount of $2,420,917.64.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of bank fraud has been held to be essentially similar to the New York felonies of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony, and scheme to defraud in the first degree, in violation of Penal Law § 190.65, a class E felony (*see Matter of Turner*, 121

AD3d 313 [2014]; *Matter of Burstein*, 111 AD3d 112 [2013]; *Matter of Rabinowitz*, 109 AD3d 348 [2013]).

The respondent opposes the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike on several grounds. The respondent contends, inter alia, that the striking of his name is premature because there is a pending motion in the United States District Court for the Southern District of New York challenging his conviction, and because he has appealed his conviction to the United States Court of Appeals for the Second Circuit. The respondent contends that his disbarment must await the resolution of these legal challenges to his conviction.

There is no merit to the respondent's arguments. It is well-settled that an attorney is not entitled to a stay of the proceedings on a motion to strike pending determination of his appeal of his conviction (*see Matter of Mitchell*, 40 NY2d 153 [1976]; *Matter of Mishkin*, 117 AD2d 422 [1986]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's automatic disbarment on July 26, 2013.

ENG, P.J., SKELOS, DILLON, BALKIN and AUSTIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Ifeanyichukwu Eric Abakporo, is disbarred, effective July 26, 2013, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ifeanyichukwu Eric Abakporo, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ifeanyichukwu Eric Abakporo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ifeanyichukwu Eric Abakporo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).