14-1945-cr(L), 14-2000-cr(CON)
*United States v. Pierce*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
CHESTER J. STRAUB,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*

      v.                                                               Nos. 14-1945-cr(L),
14-2000-cr(CON)

LATANYA PIERCE, ALSO KNOWN AS SEALED
DEFENDANT 2, IFEANYICHUKWU ERIC ABAKPORO,
ALSO KNOWN AS SEALED DEFENDANT 1,

     *Defendants-Appellants.*

---

**FOR THE UNITED STATES OF AMERICA:**  Michael Lockard & Margaret Garnett, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR LATANYA PIERCE:**  John M. Burke, Law Office of John Burke, Brooklyn, NY.

Okechukwu Valentine Nnebe, Nnebe & Associates, P.C., Brooklyn, NY.

**FOR IFEANYICHUKWU ERIC ABAKPORO:** Robert W. Ray, Justin J. Krane & Alexandra C. Scanlon, Fox Rothschild LLP, New York, NY.

Ifeanyichukwu Eric Abakporo, *Pro Se*, Philipsburg, PA.

Appeal from December 4, 2014 judgments of conviction of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED**.

Defendants-appellants Latanya Pierce and Ifeanyichukwu Eric Abakporo appeal from the District Court's December 4, 2014 judgments of conviction, which followed their three-week jury trial. Defendants raise numerous arguments in their counseled briefs. Abakporo also raises several additional arguments in a separate brief that he filed *pro se*.[1]

Upon independent review of the record and relevant law, we affirm, substantially for the reasons stated by the District Court in the pertinent oral and written rulings and decisions it issued before, during, and after trial. As for defendants' arguments that were not presented to the District Court, we have reviewed them carefully, and find them equally unpersuasive.

**CONCLUSION**

We have considered all of defendants' arguments and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's December 4, 2014 judgments of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Abakporo was a licensed attorney before he was automatically disbarred as a result of his conviction in this case. *See In re Ifeanyichukwu Eric Abakporo*, 8 N.Y.S.3d 587 (App. Div. 2015). While "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," it is also well established that "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). Because the rationale for this latter rule is that an attorney "is experienced in litigation and familiar with the procedural setting presented," *id.* at 102, it extends to disbarred attorneys such as Abakporo, *cf. Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013) (summary order) (holding that a disbarred attorney is not entitled to special solicitude); *In re Truong*, 327 F. App'x 260, 262 (2d Cir. 2009) (summary order) ("[A]lthough [the appellant] is proceeding *pro se*, he is an attorney, albeit a disbarred one."). Accordingly, we afford no special solicitude to Abakporo here.