In Re: Waters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

In Re: Edward J. Waters,

> Debtor.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

United States of America,

> *Plaintiff-Appellee*,

> v.

Edward J. Waters, Jr., as Executor of the                    No. 21-1219
Estate of Edward J. Waters,

> *Defendant-Appellant*,

Richard Coan, Chapter 7 Trustee,

> *Defendant*.

_____

FOR PLAINTIFF-APPELLEE: David A. Hubbert, Acting Assistant Attorney General, Jennifer M. Rubin, Julie Ciamporcero Avetta, Attorneys, Tax Division, Department of Justice, Washington, D.C.

FOR DEFENDANT-APPELLANT: Edward J. Waters, Jr., *pro se*, Executor of the Estate of Edward J. Waters, Norwalk, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2021 judgment of the district court is **AFFIRMED**.

In this complicated bankruptcy proceeding, defendant Edward J. Waters, Jr., executor of the Estate of Edward J. Waters (collectively, "Waters"), appeals *pro se* from an award of summary judgment to the United States. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

We review an award of summary judgment de novo, and we will affirm only if, "after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor," we identify "'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The special solicitude we generally accord pro se litigants does not ordinarily apply to those with legal training, such as Waters, *see Tracy v. Freshwater*, 623 F.3d 90, 92 (2d Cir. 2010); *accord United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016), and, even if it did here, the result of this appeal would be the same.

## I. The IRS's Administrative Freeze Did Not Violate The Bankruptcy Code's Automatic Stay

Waters submits that the district court erred in ruling that the United States—specifically, the Internal Revenue Service ("IRS")—did not violate the Bankruptcy Code's automatic stay provision, *see* 11 U.S.C. § 362(a), when it froze certain amounts that he had paid to the Treasury but to which he claimed he was now entitled as a refund. We identify no error.

The Bankruptcy Code's automatic stay is a "'fundamental debtor protection[]' . . . designed to relieve 'the financial pressures that drove debtors into bankruptcy.'" *E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. No. 95-595, at 340 (1977) (internal alterations omitted)). By imposing certain limits on creditors' conduct, the automatic stay gives debtors a "breathing spell from the collection process," so they may "attempt a repayment or reorganization plan to satisfy existing debt." *Id.* (internal quotation marks omitted). Pending the bankruptcy, creditors are not entitled to "engage in 'self-help' in derogation of the automatic stay" and "[o]nly the court may lift the stay." *In re Fugazy Express, Inc.*, 982 F.2d 769, 776–77 (2d Cir. 1992). As relevant here, the automatic stay prohibits creditors and others from

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [or]
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. §§ 362(a)(1), (5)–(6). "A creditor willfully violates section 362 when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform

3

the act found to violate section 362; no specific intent to violate section 362 is necessary." *Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82 (2d Cir. 2013), *abrogated on other grounds by City of Chicago v. Fulton*, 141 S. Ct. 585 (2021). "[G]ood faith is insufficient to excuse [a violating creditor] from liability . . . ." *Id.* at 83. "The scope of the automatic stay is a question of law subject to *de novo* review." *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 206 (2d Cir. 2014).

Here, it is not disputed that the IRS knew of Waters's pending bankruptcy petition and that an automatic stay was in place, so the only question before the district court was whether the IRS's freeze of Waters's claimed overpayment refunds violated Sections 362(a)(1), (5), or (6) of the automatic stay. As to Sections 362(a)(1) and (5), the district court determined that Waters never identified an "action or proceeding" that the IRS had brought against him, or any lien that the IRS had "create[d], perfect[ed], or enforce[d]" against his property. Waters does not challenge this reasoning on appeal and therefore has abandoned any argument he might have raised under those subsections. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Accordingly, we affirm the district court's grant of summary judgment in favor of the United States on Waters's claims under Sections 362(a)(1) and (5).

The IRS's administrative freeze also did not violate Section 362(a)(6) because, on the facts of this case, the freeze did not constitute an act to collect, assess, or recover a claim against Waters. To determine whether a creditor violates Section 362(a)(6), courts routinely look at two standards. Some, including the district court below, evaluate whether a creditor's conduct was of a nature that "(1) could reasonably be expected to have a significant impact on the debtor's determination as to whether to repay, and (2) is contrary to what a reasonable person would consider to be fair under the circumstances." *E.g.*, *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423

4

(6th Cir. 2000) (quoting *In re Briggs*, 143 B.R. 438, 453 (Bankr. E.D. Mich. 1992)); *In re Clark*, No. 13-10904, 2014 WL 793573, at *1 (Bankr. D. Vt. Feb. 26, 2014). Others evaluate "whether a creditor's conduct is harassing or coercive." *E.g.*, *Sears, Roebuck & Co. v. Duke*, No. 95 C 774, 1995 WL 151782, at *4 (Bankr. N.D. Ill. Mar. 31, 1995); *see also Jefferson v. G. Fox (In re Jefferson)*, 144 B.R. 620, 623 n.4 (Bankr. D.R.I. 1992). Applying the first standard, the district court determined that the IRS's conduct "merely maintained the status quo" and did not constitute an act to collect, assess, or recover a claim. In making this determination, the district court relied on undisputed facts that Waters's amended tax return claiming refunds for most of the taxes he paid violated a 2002 bankruptcy court order and that the IRS's freeze was necessary to prevent Waters's circumvention of that order. On appeal, Waters does not challenge the district court's findings of undisputed facts. Nor does Waters claim that the district court applied the wrong legal standard; he simply submits that it was applied erroneously. We need not choose between Section 362(a)(6) standards, because, in the context of Waters's attempts to circumvent the bankruptcy court's order, the IRS's freeze violated neither.[1]

## II. Waters's 1998 Tax Liability[2]

---

[1] An indefinite freeze of a debtor's assets to preserve setoff rights may, under certain circumstances, violate the automatic stay. *See Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21 (1995) (reiterating "general rule" that "*temporary* refusal of a creditor to pay a debt that is subject to setoff against a debt owed by the bankrupt" does not violate automatic stay) (emphasis added). Courts applying different provisions of the automatic stay have found violations where creditors who froze debtors' funds did not promptly seek relief from a court. *See Wells Fargo Bank, N.A. v. Weidenbenner (In re Weidenbenner)*, No. 15-CV-244 (KMK), 2019 WL 1856276, at *4 (S.D.N.Y. Apr. 24, 2019). Here, the IRS never sought the bankruptcy court's approval to put in place or maintain its approximately two-year freeze. On other facts, such a lengthy freeze—coupled with the IRS's failure to seek court approval—might constitute a violation of the automatic stay. But we need not pursue that possibility here because, for the reasons stated in text, no such violation occurred in this case.

[2] To the extent Waters challenges his 1991 and 1995 personal tax liabilities, we conclude, as the United States urges, that the district court did not make legal findings regarding the validity of those liabilities and, therefore, there is no appealable determination for us to review. In any case, Waters previously contested these tax liabilities in the

We review de novo the IRS's determination and assessment of Waters's 1998 tax liability. *See R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991). In doing so, we are mindful that "[f]ederal tax assessments are presumed to be correct and constitute prima facie evidence of liability," *IRS v. WorldCom, Inc. (In re WorldCom, Inc.)*, 723 F.3d 346, 352 (2d Cir. 2013), and that a taxpayer "who wishes to challenge the validity of the assessment . . . bears the burdens both of production and of persuasion," *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994) (internal quotation marks and citation omitted). Specifically, "the [federal] notice of tax deficiency carries a presumption of correctness," so a taxpayer must demonstrate that "the deficiency is incorrect." *R.E. Dietz Corp.*, 939 F.2d at 4.

Waters does not carry his burden in challenging the validity of the IRS's 1998 tax assessment. Waters concedes the IRS's $53,940.39 deficiency determination for tax year 1998, so his appeal is limited to challenging penalties and accrued interest on that amount. Waters asserts these penalties and accrued interest are "a consequence of [the] stay violations," Appellant Br. 18, claiming that but for the IRS's freeze on his contested refund payments, he could have paid the conceded 1998 tax liability. However, Waters does not meaningfully challenge the district court's order or offer a legal theory justifying the invalidation of consequential, accrued interest and penalties. He also fails to dispute evidence credited by the district court, including the IRS's notice of deficiency, its account transcript, and an IRS insolvency specialist's declaration setting forth the IRS's computation of interest and penalties. Indeed, interest accrues based on a statutory

bankruptcy court and district court, but subsequently agreed to dismiss his challenges "without prejudice to bringing an action in the United States Court of Federal Claims." *Order re Motion to Withdraw/Dismiss and to Stay Discovery Compliance*, Doc. No. 29 at 1, *Waters v. United States*, No. 3:09-cv-1271 (D. Conn. May 27, 2015). Waters apparently never brought such an action and, regardless, the district court did not profess to resolve these liabilities.

formula, *see* 26 U.S.C. § 6621, and penalties are also set by statute, *id.* § 6651.

We have considered Waters's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court