21-2650-cr
United States v. Abakporo (Pierce)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                  No. 21-2650-cr

IFEANYICHUKWU ERIC ABAKPORO, AKA
SEALED DEFENDANT 1,

*Defendant*,

LATANYA PIERCE, AKA SEALED
DEFENDANT 2,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: EARL ANTONIO WILSON, The Wilson Law Firm LLC, Brooklyn, NY

FOR APPELLEE: MICHAEL D. LOCKARD, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Latanya Pierce appeals from a judgment of the United States District Court for the Southern District of New York (Broderick, J.) denying her petition for a writ of error <u>coram</u> <u>nobis</u>, filed pursuant to the All Writs Act, 28 U.S.C. § 1651(a),

seeking to vacate her forfeiture and restitution obligations. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2013, following a three-week jury trial, Pierce and a co-defendant were convicted on three counts—conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2—related to a fraud scheme involving mortgage loans and real estate transactions. Pierce was sentenced principally to 30 months' imprisonment. The District Court also ordered Pierce to forfeit $2,420,917.64 and make restitution payments totaling $2,420,917.64, each amount to be paid jointly and severally with her co-defendant.

In 2014 this Court rejected Pierce's challenge to the restitution and forfeiture orders on direct appeal. See United States v. Pierce, 649 F. App'x 117 (2d Cir. 2016). In 2016 Pierce filed a motion to vacate her conviction pursuant to 28 U.S.C. § 2255, which the District Court denied. See Pierce v. United States, No. 16 Civ. 7669, 2020 WL 2765091 (S.D.N.Y. May 28, 2020). Pierce filed the instant coram nobis petition on May 26, 2021, seeking to vacate the orders of

restitution and forfeiture on the sole ground that the District Court lacked jurisdiction to enter the orders. The District Court denied the petition.

"On appeal, we review de novo the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000). "A writ of error coram nobis is an extraordinary remedy," Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (quotation marks omitted), and "relief under the writ is strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quotation marks omitted). "A petitioner seeking coram nobis relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from h[er] conviction that may be remedied by granting of the writ." Kovacs, 744 F.3d at 49 (quotation marks omitted).

The District Court did not abuse its discretion in concluding that Pierce's delay in filing her coram nobis petition lacked an adequate justification. "If the

4

district court decides that there was not sufficient justification for [the petitioner's] failure to seek relief at an earlier time, the writ is unavailable and [the] petition for coram nobis should be dismissed." Foont, 93 F.3d at 80 (quotation marks omitted). "The critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay." Id. The orders of forfeiture and restitution were entered in 2014. Pierce did not file this coram nobis petition until 2021. The record shows that Pierce "knew or should have known since the time of h[er] conviction . . . of the facts underlying h[er] current claim[s]," id., but she did not file a coram nobis petition or raise the principal issues in her current petition either on direct appeal or in her § 2255 motion.

To justify her delay, Pierce first argues that the Supreme Court's decision in Honeycutt v. United States, 581 U.S. 443 (2017), reflects a "change in the law" that excused the delay. Appellant's Br. at 10. We need not consider this argument because Pierce did not raise it before the District Court. See Sacerdote v. N.Y.U., 9 F.4th 95, 118 (2d Cir. 2021) ("It is a well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." (quotation marks omitted)). Moreover, Pierce could have sought coram nobis relief at any time following Honeycutt (decided in 2017), including while her §

5

2255 motion was pending. See, e.g., United States v. Rutigliano, 887 F.3d 98, 107 (2d Cir. 2018) ("[Defendant] pursued relief from restitution not only under § 2255, but also through a writ of error coram nobis pursuant to the All Writs Act."). Instead, she waited until 2021. For these reasons, we reject Pierce's first argument.

Second, Pierce argues that her counsel was ineffective. She alleges that at sentencing, counsel failed to consult her before filing sentencing submissions and failed to request an evidentiary hearing. Appellant's Br. at 19–20. She also claims that on direct appeal, counsel failed to "mount a robust attack against the entire Restitution and Forfeiture order of the sentencing judge." Appellant's Br. at 28. These deficiencies, however, do not fall "below an objective standard of reasonableness" under "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984). Both sentencing counsel and appellate counsel challenged Pierce's restitution and forfeiture obligations. On appeal, Pierce merely makes different arguments regarding restitution and forfeiture that counsel might have raised. That alone does not establish ineffective assistance. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) ("[I]t is not sufficient . . . to show merely that counsel omitted a nonfrivolous argument, for

6

counsel does not have a duty to advance every nonfrivolous argument that could be made.").

We have considered Pierce's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court